McKinney, J.,
delivered the opinion of the Court.
At the April Sessions of the County Court of Williamson, 1859, a public road, of tbe second class, was established by said Court, which runs, in part, over the land of defendant, Jefferson. At the same session of the Court, on the application of Jefferson, pursuant to sec. 1189 of the Code, an order was made for a jury of review, who afterwards made their report, assessing his damages at |250.
No judgment seems to have been rendered by the Court, upon said report, either confirming, or rejecting it. But the record shows, that at the same session at which it *421 was returned, Jefferson, by Ms attorney, moved the Court to “order said sum of $250 — the damages assessed by the jury — to be paid by the County;” which was refused. He then moved the Court, “to order said road to be closed;” which was also refused. He next moved the Court, “that the road be closed till the damages were paid;” which was likewise refused. No further action appears to have been taken in the County Court in regard to the matter, on either side.
Shortly afterwards, Jefferson presented his petition to the Circuit Court of Williamson, for a mandamus, to compel the County Court to pay said damages. A mandamus nisi was awarded, and served on the Judge of said Court, as provided by the Code, sec. 536. An answer was put in by the Judge, on behalf of the Justices; and, on the hearing, a peremptory mandamus was awarded ; from which order, the Justices appealed.
We perceive no substantial error in the judgment. 1st: The application for a jury to try issues of fact, proposed to be made xrp, was properly refused. There was no issue of fact in the case. Treating the report as, in effect, adopted and confirmed by the County Court. There was no question presented for the determination of the Circuit Court, except simply the question of law: whether or not a proper case was made for the issuance of a peremptory mandamus.
If the report of the jury, assessing damages, had been subject to any valid objection, upon any legal ground, it was not only the province, but the duty of the Court to have set it aside; and the failure to do so, must be taken as an acquiescence in, and adoption of it, by the Court. It will not do to hold, that, by failing, or refusing to make *422 an order confirming the report, in terms, the Court could defeat the right of Jefferson, and evade the positive provision of sec. 1189, of the Code, which expressly provides, that the damages, in such cases, shall be paid by the County.
It is (rue, Jefferson might have prosecuted an appeal to the Circuit Court, as provided by sec. 1191. But, upon an appeal, the Circuit Court could only have reversed the action of the County Court, and remanded the cause ■ but it could not have coerced the County Court to pay the damages, which was the main end to be acco.n-plished.
Jefferson, however, was not bound to appeal. He had procured an assessment of his damages, which was prima fade regular, and valid, and which remained in force.
This being so, he had nothing to ask, but that the damages should be paid. And this being refused by the County Court, he was clearly entitled, under sec. 537 of the Code, to a peremptory mandamus, from the Circuit Court, to enforce the payment.
This section gives the remedy, by mandamus, to enforce “the performance of any duty made incumbent by law upon the County Court.”
Judgment affirmed.